DAVID G. ESPOSITO Bar ID 012622003

ESPOSITO & LEBOEUF LLC, ATTORNEYS AT LAW

697 MILL CREEK RD SUITE 10

MANAHAWKIN, NJ 08050

PH (609) 489-0100

FAX 609-489-0015

dave@southernoceancountylaw.com

Attorney for Debtor, Jason Sepulveda

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

In the Matter of

JASON SEPULVEDA

BANKRUPTCY Case # 19-26873 MBK

Hearing Date: 02/04/20 10:00 A.M

Chapter 13

**DEBTORS RESPONSE TO CHAPTER 13 STANDING TRUSTEE'S OBJECTION TO PLAN**

_____

.

Dated January 23, 2020                     /s/ David G Esposito, Esq.

_____

David G Esposito, Esq., Attorney for Debtor

1. **David G. Esposito, Esq, makes the following response to the Standing Chapter 13 Trustee's Objection to Debtor Jason Sepulveda's Modified Chapter 13 Plan as follows:**
2. The trustees objection includes resolving the IRS estimated claim listed as claim number 11 – 1. The IRS has filed a modified claim which sets a specific amount for their claim, which is in excess of $200,000. The debtor herein has combined equity in assets of less than $20,000 and has income does not permit the payment of the claim in full. Notwithstanding same debtor is currently in negotiations with the IRS for a modified amount through the submission of an offer in compromise. The debtor's plan calls for interim plan payments and allows for one year to resolve the offer in compromise with the IRS and the state of New Jersey.
3. The trustees objection includes resolution of the claim with Toyota motor credit. Towards that end, Toyota motor credit has indicated that they do not object to the modified plan because their interests in the security has been addressed. The debtor has requested from Toyota motor credit and amended proof of claim and has been assured that it is forthcoming.
4. The debtor has submitted a modified plan which addresses the domestic support obligation. It should be noted that the debtor is already on a schedule to ensure his arrearages directly with Ocean County probation and that amount to cure the arrearages has been factored into his child support payment as stated on his schedule J.
5. The trustee indicates that plan consists of unnecessary oryx, sensitive expense items. Toward that end, the debtor notes the following:
    a. **the debtor has listed transportation expense on both schedule J and also the business P&L because he operates certain vehicles exclusively for the business such as the trucks listed on his schedule, including the 2003 Van  2000 Ford F150, and 2012 Ford, E150.  While the debtor uses the leased Mercedes for both business and personal expense.**
    b. **The debtor has listed insurance expense on both schedule J and the P & L .  It should be noted that the revised schedule the debtor has submitted includes an insurance expense which reflects the actual insurance bills which have been submitted to the court.  The total monthly expense for insurance is $1230 per month.**
    c. **The actual monthly car payment is $1137 per month.  In some months there is a late charge which accounts for the discrepancy.**
    d. **The debtor lists  utility charges on both schedule J and the P & L because there are utility charges for the leased space or the business In addition to utility charges for the residence.**
    e. **The $300 per month listed for cable Internet and phone on the schedule J accurately reflects the debtor's personal use of these items.  While the amount listed on the P&L is consistent with the expense used for the business.**
    f. **The debtor has modified the monthly amount for food from $800-$600.  However, it should be noted that the debtor has significant parenting time with his children and while he does not claim them as dependents, they spend a significant amount of time at his residence for which he provides necessary expenses, including food.**
    g. **The trustee indicates that the plan provides for payments on unsecured claims of less than that which would be distributed upon liquidation under Chapter 7.  The debtor has filed a revised schedule of assets.  A summary of the federal exemptions is attached hereto which indicates that the total nonexempt equity is $5090.  The debtor's proposed plan provides for 60 payments of $1200 per month for a total of $72,000.  The debtor is not eligible for a chapter 7 bankruptcy because of income requirements but nonetheless the proposed payments are significantly more than a liquidation would yield.**
    h. **To the extent that the trustee objects to the specific code requirements of any exemption, the debtor stipulate the trustees determination of those exemptions.**

**Based on the foregoing, it is respectfully submitted that the debtor has adequately addressed the trustees objections to the debtor's modified plan and accordingly requests that the plan be confirmed.**


**Respectfully submitted**

*/s/ David G Esposito, Esq*

_____
**David G. Esposito, Esq., Attorney for debtor**